**SOUTHEASTERN SKATE SUPPLY, INC., Appellant,**

v.

**Paul LAYMAN t/a 8 Red Wheels Corporation, Appellee.**

Court of Appeals of Kentucky.

Feb. 10, 1978.

Richard H. Nash, Jr., Nash, Gildersleeve & Nash, Louisville, for appellant.

Anthony L. Warth, Louisville, for appellee.

Before COOPER, HOWARD and PARK, JJ.

COOPER, Judge.

This is an appeal from a judgment in the Jefferson Circuit Court wherein the trial court dismissed a complaint, with prejudice, of a foreign corporation who was not registered to do business in Kentucky, against a local citizen.

On or about January 5, 1977, the appellant filed a complaint against the appellee stating basically that the appellant was owed $2,993.42 because appellant had supplied goods to the appellee and that appellee had given appellant a bad check dated March 28, 1976, for said amount. This check was returned for insufficient funds. The appellant also demanded an additional $9,333.40 for other goods provided to the appellee, and for which the appellee had made no payment. The full amount demanded was $12,326.82.

On or about April 11, 1977, the appellee filed a motion and order to dismiss the complaint. On April 19, 1977, the trial judge entered an order dismissing the complaint with prejudice. The trial judge noted on the order dismissing with prejudice dated April 19, 1977, the following: "See KRS 271.A610 Sub. (1) and (2)." It can be assumed that the trial judge based his dismissal on Kentucky Revised Statute 271A.610.

The appellant is a Virginia corporation and is not licensed to do business in the State of Kentucky. The appellee is a resident of Jefferson County, Kentucky. The trial court dismissed the complaint on the assumption that the appellant was a foreign corporation transacting business in the State of Kentucky without a certificate of authority.

The record stands void of facts in this case. Both appellant and appellee have presented questions of law that are in line with their theory of the case. We believe it is necessary to present the questions of both parties.

The issue presented by the appellant is: WHETHER THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S COMPLAINT BECAUSE IT IS A FOREIGN CORPORATION WITHOUT A CERTIFICATE OF AUTHORITY TO TRANSACT BUSINESS IN THE STATE OF KENTUCKY WHEN THERE WAS NO PROOF THAT, AND APPELLANT WAS IN FACT NOT, TRANSACTING BUSINESS IN THE STATE OF KENTUCKY.

The issue presented by the appellee is:

WHETHER A FOREIGN CORPORATION WHICH IS TRANSACTING BUSINESS IN KENTUCKY CAN MAINTAIN AN ACTION IN THE COURTS OF KENTUCKY IF THAT CORPORATION HAS FAILED TO OBTAIN A CERTIFICATE OF AUTHORITY FROM THE SECRETARY OF STATE.

The main question in our minds is what the legislature meant by transacting business in Kentucky and what activities are not to be considered transacting business, if any.

No cases have been cited by either party and we know of no precedents that have been set on these points. Obviously, two sections of the Kentucky Revised Statutes have been cited and relied upon as authority.

KRS 271A.610, the statute cited by the trial judge in the dismissal of appellant's complaint, states in subsection (1) that no foreign corporation transacting business in Kentucky without a certificate of authority shall be permitted to maintain an action or suit in any court of the State of Kentucky until a certificate of authority is obtained.

KRS 271A.520 states in part:

271A.520. Admission of foreign corporation.

(1) No foreign corporation, except a foreign insurance company, shall have the right to transact business in this state until it shall have procured a certificate of authority so to do from the secretary of state. No foreign corporation shall be entitled to procure a certificate of authority under this chapter to transact in this state any business which a corporation organized under this chapter is not permitted to transact. A foreign corporation shall not be denied a certificate of authority by reason of the fact that the laws of the state or country under which such corporation is organized governing its organization and internal affairs differ from the laws of this state, and nothing in this chapter contained shall be construed to authorize this state to regulate the organization or the internal affairs of such corporation.

(2) Without excluding other activities which may not constitute transacting business in this state, a foreign corporation shall not be considered to be transacting business in this state, for the purposes of this chapter, by reason of carrying on in this state any one or more of the following activities:

．　　　．　　　．　　　．　　　．

(f) Soliciting or procuring orders, whether by mail or through employees or agents or otherwise, where such orders require acceptance without this state before becoming binding contracts;

．　　　．　　　．　　　．　　　．

(i) Transacting any business in interstate commerce;

As stated before, the record is void as to what business transactions transpired. There is nothing in the record which indicates that the appellant had at anytime transacted business in the State of Kentucky.

KRS 271A.520 states that no foreign corporation shall have the right to transact business in the State of Kentucky until a certificate of authority from the secretary of state is obtained. In subsection (2) of this statute, it is clearly stated that there are several activities which do not constitute transacting business in the State of Kentucky. It states specifically that a foreign corporation shall not be considered to be transacting business in the State of Kentucky simply because it carries on any one of several enumerated activities. Included among the activities which are not to be considered transacting business in the State of Kentucky by a foreign corporation are:

1. Soliciting or procuring orders, whether by mail or through employees or agents or otherwise, where such orders require acceptance without this state before becoming binding contracts.

2. Transacting any business in interstate commerce.

The above two activities, which by way of KRS 217A.520 are not to be considered transacting business in the State of Kentucky if entered into by a foreign corporation, are apparently the activities entered into by the appellant.

It appears that the activities of the appellant in the State of Kentucky may fall within the exceptions enumerated above and the trial court failed to consider all statutes in this matter. If this were not the law, no foreign corporation transacting business in interstate commerce could maintain an action against a defendant in the State of Kentucky by way of a Kentucky state court.

The judgment is reversed and remanded to the trial court for proceedings consistent with this opinion.

All concur.